IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHAY L.F.,**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

Civ. No. 3:21-cv-00945-MO

**OPINION & ORDER**

MOSMAN, District Judge:

Plaintiff Shay L.F. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff is a 34-year-old male to female gender transition applicant who is over 6 feet tall and weighs 125 pounds with a recorded body mass index ("BMI") of 16. Tr. 378, 723, 734, 783. Sometimes her weight has fallen to as low as 115 pounds, corresponding to a BMI of 14. Tr. 734.

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

On March 7, 2018, Plaintiff filed Title II and Title XVI applications for benefits due to an alleged disability beginning on May 15, 2015. Tr. 200, 222. On October 9, 2018, Plaintiff's claim was denied initially and upon reconsideration. Tr. 116, 127. A hearing was held before an Administrative Law Judge ("ALJ") on March 11, 2020. Tr. 36. On September 30, 2020, the ALJ issued a decision finding Plaintiff not disabled. Tr. 29. On April 28, 2021, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724–25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other

work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date ("AOD") of May 15, 2015. Tr. 17.

At step two, the ALJ found that Plaintiff had the following medically determinable impairments: epilepsy; generalized anxiety disorder; and cannabis use disorder (20 CFR 404.1520(c) and 416.920(c))." Tr. 17. The ALJ found that Plaintiff did not have severe impairments relating to Plaintiff's allegations of hypothyroidism, hypertension, bradycardia, and sleep disorders. Tr. 19.

At step three, the ALJ found that, including Plaintiff's "substance use," the severity of Plaintiff's impairments "medically equaled listing 5.08, weight loss due to any digestive disorder despite continuing treatment as prescribed." Tr. 22. But the ALJ found that Plaintiff's low body weight and BMI were not due to a digestive disorder and were due to her "cannabis use and associated marijuana hyperemesis syndrome." Tr. 23. Accordingly, the ALJ concluded that if Plaintiff "stopped the

substance use, [she] would not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in" the CFR. Tr. 23.

The ALJ determined that, if the Plaintiff stopped the substance abuse, she would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels:

> Plaintiff could stand and walk for a combined total of two hours; could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could occasionally balance, stoop, kneel, crouch or crawl; should not have concentrated exposure to extreme temperatures, vibration, or pulmonary irritants; should have no exposure to hazards; would be limited to simple routine work in a work place with no more than occasional workplace changes; and could have occasional superficial contact with coworkers and the public.

Tr. 26.

At step four, the ALJ determined that Plaintiff is unable to perform past relevant work. Tr. 28. Finally, at step five the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including Electrical Accessories Assembler I, Small Products Assembler, and Hand Packager Inspector. Tr. 29. Consequently, the ALJ determined that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, I must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198. A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff asserts that the ALJ improperly evaluated the medical opinion of Dr. Donald R. Clark. After Plaintiff's administrative hearing, the ALJ requested Dr. Clark's assistance in evaluating Plaintiff's severe impairments through a series of set interrogatories. Tr. 764. Dr. Clark evaluated the submitted record and answered the interrogatories. Tr. 776–84. Dr. Clark indicated that he had reviewed Plaintiff's previous medical records but did not examine her personally. Tr. 776. Dr. Clark concluded that Plaintiff's "physical (and substance abuse) limitations are equal to 5.08." Tr. 777.

An ALJ must articulate the persuasiveness of the medical opinions in the record.[2] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). Supportability and consistency are the two most important factors that determine the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may also consider the relationship with Plaintiff, specialization, and other factors like "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(c)(3)–(5). "An ALJ is not required to explain how they considered the secondary factors unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record, but not identical." *Derek M. v. Comm'r*, No. 3:20-CV-01713-AC, 2022 WL 443980, at *7 (D. Or. Feb. 14, 2022) (citations omitted). Ultimately, the Court must determine whether the ALJ supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Batson*, 359 F.3d at 1193.

First, Plaintiff claims that the ALJ improperly rejected Dr. Clark's opinion that Plaintiff's low BMI could be attributed to her gender profile changing medications resulting in low blood volume. Pl.'s Opening Br. at 7. Contrary to Plaintiff's assertion, Dr. Clark did not make such a determination. Rather, Dr. Clark merely discussed an April 2015 fainting episode and the fact that Plaintiff's providers noted that her gender profile changing medications could have contributed to it. Tr. 777.

---

[2] The Social Security Administration has altered the regulation which governs the evaluation of medical evidence for claims filed on or after March 27, 2017. *Farlow v. Kijakazi*, 53 F.4th 485, 488 n.3 (9th Cir. 2022). Because this claim was filed on May 16, 2018, the newer system applies. Tr. 171.

In any event, an ALJ can only consider symptoms caused by medically determinable impairments when evaluating a disability claim, and Plaintiff did not take gender profile changing medications as a result of a medically determinable impairment. 42 U.S.C. § 423(d); SSR 96-8p, *2 *available at* 1996 WL 374185. As a result, the ALJ did not err when she failed to consider whether Plaintiff's medications contributed to her low BMI.

Second, Plaintiff asserts that the ALJ erred when she found Dr. Clark's opinion regarding Plaintiff's RFC partially persuasive because the ALJ concluded it was unsupported by Plaintiff's diagnosis of a seizure disorder when Dr. Clark actually attributed the limitations to Plaintiff's low body weight and deconditioning. Pl.'s Opening Br. at 7. But RFC "does not consider limitations or restrictions due to . . . body habitus." Social Security Ruling (SSR) 96-8p, *2 *available at* 1996 WL 374185. Rather, RFC is only based on an individual's functional limitations that result from a "medically determinable physical or mental impairment." *See* 42 U.S.C. § 423(d). And here, substance abuse was the only medically determinable impairment to which Dr. Clark attributed Plaintiff's low body weight. Tr. 777. Accordingly, the ALJ did not err when she found Dr. Clark's functional limitations only partially persuasive if Plaintiff stopped her substance abuse.

Third, and finally, Plaintiff argues that the ALJ erred because Dr. Clark's opinion offers no evidence that her bodyweight would increase and her RFC limitations would disappear if she stopped abusing cannabis. Pl.'s Opening Br. at 8. When an ALJ finds a claimant is disabled, but substance abuse is involved, the ALJ

must determine whether the claimant's other impairments would be disabling if the claimant were to stop the substance abuse. 20 C.F.R. § 404.1535; Social Security Ruling (SSR) 13-2p, *2 *available at* 2013 WL 621536. If the ALJ finds that the claimant's other impairments are not disabling, then the claimant is not disabled. *Id.*

Here, the ALJ did not err because substantial evidence supports her finding that substance abuse is the only medically determinable impairment that could cause Plaintiff's low body weight. Plaintiff points to her diagnosis of gastroesophageal reflux disease as evidence of another medically determinable impairment. Pl.'s Reply Br. at 3. But the ALJ considered this diagnosis and found that it was not severe because it only lasted four months and thus did "not meet the durational requirement of severity." Tr. 20. Plaintiff's medical records support this finding. Tr. 722–23, 729. Accordingly, because Plaintiff's substance abuse is the only medically determinable impairment that could cause her low body weight, the ALJ did not err in finding that Plaintiff would not be disabled if she stopped abusing cannabis.

## CONCLUSION

For the foregoing reasons, I AFFIRM the ALJ's denial of benefits. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___19___ day of December 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge